IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARRIN SWIGGETT, | § | |
| | § | No. 146, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID: K1603006458 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 5, 2019
Decided: August 5, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

(1)    In August 2016, Darrin Swiggett pleaded guilty to one count of possession of a controlled substance, and the Superior Court sentenced him to 25 years of Level V imprisonment, suspended after two years for one year of Level III probation.[1]

---

[1] Swiggett was subject to the following 13 probation conditions:
   (1)   You must not commit a new criminal offense or moving motor vehicle violation offense during the supervision period.
   (2)   You must report any new arrest, conviction, or police contact within 72 hours to your supervising officer.
   (3)   You must report to your supervising officer at such times and placed as directed, and permit the probation/ parole officer to enter your home and/or visit placed of employment.
   (4)   You must have authorization from your supervising officer to leave the State of Delaware or your approved state of residence.

(2) On June 6, 2018, while Swiggett was serving his year of probation, three Delaware Probation and Parole officers went to Swiggett's three-bedroom apartment at 255 Webbs Lane for a home visit. One of the officers observed a man, Michael Collier, standing on Swiggett's balcony and tossing an object into a trash can. Another officer went to the balcony and retrieved a package of 104 bags of heroin from that trash can. The officers then searched the rest of the apartment. In Swiggett's bedroom closet, police found a men's leather jacket with 20 grams of cocaine and $520 cash inside, a women's jacket with 7 grams of marijuana inside, and a digital scale.

(3) The State charged Swiggett with six criminal charges and initiated violation-of-probation proceedings. The violation-of-probation proceedings were

---

(5) You must report any changed of residence and/or employment within 72 hours to your supervising officer.
(6) You must have written approval of your supervising officer to own, possess, or be in control of any firearm or deadly weapon.
(7) You are not to possess or consume a controlled substance or other dangerous drugs unless prescribed lawfully. You are subject to random testing as directed by your supervising officer.
(8) You must pay a supervision fee as required by state law in accordance with a schedule as established by the Department of Correction.
(9) You must comply with any special conditions imposed at any time by your supervising officer, the Court and/or the Board of Parole.
(10) You must not quit a job, training program, or school without prior approval of your supervising officer.
(11) You must be employed full-time or active in job training or school on a full-time basis. If not, you must attend a job search program or perform community service on a schedule established by the supervising officer.
(12) You must participate in 0-35 hours of community service each week as directed by your supervising officer.
(13) You must abide by a curfew established by your supervising officer.
App. to Opening Br. A171–72. ("A__" hereafter).

2

stayed pending the resolution of the criminal charges. On Swiggett's motion, the Superior Court entered judgments of acquittal on all six charges.

(4)     With the criminal case concluded, the Superior Court held a contested violation-of-probation hearing on March 14, 2019. The only condition of probation that Swiggett was alleged to have violated was the condition prohibiting him from committing a new criminal offense.

(5)     After hearing the parties' presentations, the court found Swiggett in violation of his probation, ruling that "the probationer is not to reside in a residence for [sic] which contraband is found, [and] that is a violation."[2] The court revoked Swiggett's probation and resentenced him to 23 years of Level V imprisonment, suspended for time served, followed by one year of Level IV work release, followed by one year of Level III probation.

(6)     Swiggett appeals his revocation of probation to us on the basis that not residing in a residence in which contraband is found was not a condition of his probation. The State concedes error and requests that we reverse the Superior Court's violation-of-probation finding.

(7)     Given that the State agrees with Swiggett, concedes error, and advances no alternative grounds for affirmance, we reverse the revocation of Swiggett's probation.

---

[2] VOP Tr. 12–14 (Mar. 14, 2019), available at A156–58.

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED, and this matter is REMANDED with instructions to set aside the March 14, 2019 Violation of Probation Order. The mandate shall issue forthwith.

BY THE COURT:


/s/ Gary F. Traynor
Justice